REUBEN R. THRALL *v.* HENRY BENEDICT & ELI GORHAM.

Where a surety signed a joint and several promissory note, with the principal, payable to J. E. or bearer, with an understanding that R. should indorse it, and, at the time of signing, the surety was fully secured by the principal for signing, and R. refused to indorse the note, and the principal, afterwards, before the note became due, for a valuable consideration, transferred it to a stranger;—*it was held,* that such stranger could maintain an action in his own name, as bearer, against the principal and surety, to recover the amount of the note.

ASSUMPSIT, on a joint and several promissory note, for one hundred dollars, signed by the defendants, made payable to James Everson, or bearer, in six months from date, with interest, dated Nov. 21, 1837.

Plea, *non assumpsit*, and trial by jury.

On the trial in the court below, the execution of the note having been admitted, the defendants introduced testimony, tending to prove that Benedict, the first signer of the note, had a quantity of goods attached at Whitehall, and that, for the purpose of releasing the goods from the attachment, the defendant, Gorham, agreed to sign a note with Benedict, to Everson, to obtain money for that purpose, which note was to be indorsed by Wm. Y. Ripley.   The note, in suit, was accordingly executed by the defendants; but Ripley refused to indorse it, and thereupon the defendant, Gorham, notified Everson not to pay the money on the note, to Benedict; and the defendant, Gorham, procured the money necessary to release the goods, from his own means, and went to Whitehall and procured the goods.   The note never passed into Everson's hands.

The plaintiff then gave in evidence a receipt of the following tenor:

'Received of Reuben R. Thrall $101,25, in full for a

RUTLAND,
*February*,
1841.

Thrall
*v.*
Benedict &
Gorham.

' note I this day "sold to him, signed by myself and Eli Go-
' rham, and made payable to James Everson, or bearer, six
' months from date, with use, for one hundred dollars, dated
' November 21, 1837.    Rutland, February 6, 1838.

'HENRY BENEDICT."

The plaintiff also read in evidence an affidavit, made by the defendant, Gorham, and used in the supreme court, February term, 1840, on the petition of Sarah Benedict, wife of said Henry, for alimony.   In this affidavit, the defendant, Gorham, testified that, in November, 1837, said Benedict assigned all his stock in trade to him, (Gorham,) in trust, to secure the latter for certain liabilities he was under for said Benedict, and for other purposes ; that he, (Gorham,) sold said stock for $1,408,54 ; that he had paid for said Benedict $1,114,94 ; that he had signed the note, upon which the present suit was brought, which was then pending, and for signing which he was to be indemnified out of the goods so assigned to him by Benedict ; that the note was not discounted by Everson, as was expected, and that he, (Gorham,) had notified Everson not to discount it, and insisted that he was not liable to pay it ; that if he should be compelled to pay said note, then there would remain in his hands the sum of one hundred and eighty dollars, belonging to Benedict.

From this evidence, the county court instructed the jury, that if the note in suit was transferred to the plaintiff before it became due, and the defendant, Gorham, had received, from Benedict, security for signing the note, the plaintiff was entitled to recover against both defendants.

The jury returned a verdict for the plaintiff, to recover against both defendants, and the defendant, Gorham, excepted to the charge of the county court.

*Foot, Pierpoint* and *Ormsbee,* for defendants.

The note, in question, was executed for a particular purpose.   That purpose was otherwise answered.    Everson was to let Benedict have the money, on the note, upon its being indorsed by Ripley.   Ripley did not indorse it.   The note never went into the hands of Everson, and was not put into circulation through him.   It passed from the hands of Benedict, the principal signer of the note,

Rutland,
February,
1841.

Thrall
*v.*
Benedict &
Gorham.

to the plaintiff, some two and a half months after its date. It was not put into circulation in the regular course of business.

The plaintiff should have been upon his guard against receiving it from Benedict; at least, he could not look to Gorham, the surety; therefore, there was error in the charge of the county court.

Plaintiff, *pro se*, contended, that, from the charge, the jury must have found that the note, in question, was transferred to the plaintiff, for value, before it became due, and that Gorham was indemnified, by Benedict, for signing the note, either of which would warrant the verdict.

The opinion of the court was delivered by

Bennett, J.—It seems the note, in question, was signed by the defendant, Gorham, as surety for Benedict, and that he was to be indemnified for signing it, out of the goods which he had in his possession, belonging to Benedict. On the 6th of February, 1838, as appears by Benedict's receipt, he passed the note to the plaintiff, receiving therefor its full contents. Though this note was made payable to James Everson, or bearer, and though it was not delivered to Everson; still, when it had once been delivered to Thrall, upon a valuable consideration, he might well maintain an action on the note, in the name of Everson, had it not been negotiable; and, as it is payable to bearer, and is negotiable by delivery, the action well lies in his own name.

Though Gorham signed this note for the accommodation of Benedict, still, if he has funds in his hands to indemnify himself against it, no reason is perceived why he should stand on any more favorable ground than could Benedict himself. Where bail have ample indemnity in their hands, they cease to have any special exemption from liability, in consequence of standing in the relation of surety.

Judgment of the county court affirmed.